# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-0730V

|   |   |
|---|---|
| T.R.,<br><br>                        Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                        Respondent. | Chief Special Master Corcoran<br><br>Filed: September 24, 2024 |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA,* for Petitioner.

*Neil Bhargava, U.S. Department of Justice, Washington, DC,* for Respondent.

### **ORDER GRANTING MOTION TO REDACT**[1]

On May 17, 2023, T.R. filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[1] (the "Vaccine Act"). Petitioner alleges that as a result of an influenza vaccine received on October 21, 2021, he suffered a Table shoulder injury related to vaccine administration ("SIRVA"). Petition at 1. After the case was assigned to the Special Processing Unit of the Office of Special Masters, Respondent recommended compensation for that alleged injury. Rule 4(c) Report filed July 25, 2024 (ECF No. 28). I subsequently issued a Ruling on Entitlement (ECF No. 29).

On August 12, 2024, Petitioner filed a timely Motion for Redaction (ECF No. 32), accompanied by his affidavit, Ex. 8 (ECF No. 30-1). Respondent opposed the requested relief. Response filed Aug. 26, 2024 (ECF No. 33) at 5. Petitioner has not filed a reply. The matter is ripe for adjudication.

---

[1] Because this Order contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). To the extent that Petitioner would seek further redaction, in accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.

### I.   Parties' Arguments

Petitioner seeks reduction of his full name down to his initials throughout the Ruling on Entitlement and in the case caption. Motion at 4. In support of the requested relief, Petitioner states that he is currently incarcerated, and likely to remain so for at least another ten (10) years. Motion at 3 – 4; Ex. 8 at ¶ 3. He argues that personal safety during incarceration is difficult, and it is very important to not appear "weak." Ex. 8 at ¶ 4. He is concerned that other inmates, through access to the internet, will discover the Ruling on Entitlement which discloses that he has suffered a shoulder injury – which will consequently increase his risk of personal injury, specifically to his shoulder(s). *Id.* at ¶ 5. While not addressed in his affidavit, his motion also asserts concern about other inmates' inference that Petitioner will receive compensation as a result of his Program claim. Motion at 4.

In opposition, Respondent first disputes that the Ruling on Entitlement can be a "clearly unwarranted invasion of privacy," given that it only describes that Petitioner suffered a SIRVA following a vaccination nearly three years ago – but without disclosing any other details regarding his injury or his current condition. Response at 6. Second, Respondent argues that Petitioner's assertions of potential harm are "pure speculation and accordingly, cannot overcome the public's interest in disclosure." *Id.* at 6 – 7 (internal citations omitted).

### II.   Legal Standard

I have previously discussed in other decisions the Vaccine Act's treatment of requests to redact Program decisions and rulings. *See generally K.L. v. Sec'y of Health & Human Servs.*, No. 12-0312V, 2015 WL 11387761, at *2-4 (Fed. Cl. Spec. Mstr. Feb. 27, 2015), *mot. for review den'd*,123 Fed. Cl. 497 (2015) (denying a request to redact petitioner's name and description of illnesses). Generally, information provided in vaccine proceedings may not be disclosed without the written consent of the party providing the information. Section 12(d)(4)(A); Vaccine Rule 18(a). However, the Act requires disclosure of the decisions of the special masters or the Court, and thus later allows (once a claim has been decided) the disclosure of information previously not permitted to be shared with the public. Otherwise, the Act provides for redaction of certain categories of information – "medical files and similar files" – *only* if the disclosure of such information "would constitute a clearly unwarranted invasion of privacy." Section 12(d)(4)(B); *accord* Vaccine Rule 18(b).

Some levels of redaction are explicitly recognized as reasonable in the context of Program cases. In particular, the Vaccine Rules allow the initials of a minor to be used in the petition's caption when filed. Vaccine Rule 16(b). By contrast, adult petitioners' names

are not afforded automatic protection; instead, adult claimants must affirmatively establish a basis for redaction. Thus, the Act assumes (consistent with the approach in most federal litigation) that an adult claimant's name *will* be disclosed in the context of publication of a Vaccine Program decision.

Program case law has not established a consistent "rule" for how redaction requests should be analyzed and treated. *Compare W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440, 460-61 (Fed. Cl. 2011) *aff'd*, 704 F.3d 1352 (Fed. Cir. 2013) (analogizing Vaccine Act's privacy concerns to treatment of similar issues under the Freedom of Information Act, claimant's name was properly subject to redaction from decision) *with Langland v. Sec'y of Health & Human Servs.*, No. 07-0036V, 2011 WL 802695, at *7-8 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), *mot. for rev. denied on non-relevant grounds*, 109 Fed. Cl. 421 (2013) (petitioners not entitled to redaction of names from decision where they failed to establish compelling grounds for so doing). *Langland* adopts a more stringent approach, while *W.C.* emphasizes a balancing test that weighs a petitioner's privacy interests against "the public purpose of the Vaccine Act." *W.C.*,100 Fed. Cl. at 460-61; *K.L.*, 2015 WL 11387761, at *2-3.

In either case, however, a petitioner needs to make *some* showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call. *W.C.*, 100 Fed. Cl. at 460 (balancing of interests favors redaction "where an objection [to disclosure] is made on *reasonable grounds*") (emphasis added). I have permitted redaction in cases where such a specialized showing was made without reconciling these two competing standards or choosing one over the other. *See, e.g.*, *K.L. v. Sec'y of Health & Human Servs.*, No. 12-0312V, 2015 WL 11882259 (Fed. Cl. Spec. Mstr. Oct. 30, 2015) (granting petitioner's second request to redact only her name to initials which was accompanied by additional information regarding the potential harm she may suffer regarding her employment).

A petitioner's *general* concern for privacy is not by itself a sufficient reason for redaction, especially when there is a strong public interest in the information's disclosure. *W.C.*, 100 Fed. Cl. at 461; *see also Castagna v. Sec'y of Health & Human Servs.*, No. 99-411V, 2011 WL 4348135, at *11 (Fed. Cl. Spec. Mstr. Aug. 25, 2011) (denying redaction to an adult who had "not alleged the existence of any special circumstances that would justify her request," and emphasizing that the Vaccine Act did not give petitioners "a categorical right to anonymity"). In many cases, redaction is deemed appropriate because the petitioner shows some nexus with the medical profession, and a related concern that disclosure of the claim could result in bias against the individual. But this cannot be the sole circumstances in which redaction is allowed. At bottom, and as the Court of Federal Claims recently confirmed, "[e]ach request for redaction must be made by applying the

specifics in the case in which the redaction request is made, and… provide the necessary analysis regarding the current petitioner to explain the specific circumstances which would make redaction inappropriate [or appropriate]." *K.N. v. Sec'y of Health & Hum. Servs.*, No. 17-0722V, 2023 WL 6295167 Fed. Cl. 142, 156 (Fed. Cl. 2023).

### III. Analysis

Here, Petitioner's redaction request is not rooted in a concern about possible adverse treatment by the general public. Rather, he focuses on his personal physical safety while being incarcerated – both in a specific sense (since this case involved a shoulder injury) as well as his more general wellbeing within a prison community. These concerns arise from his experience, to date, of personal safety risks within the prison population – and therefore makes this case distinguishable from matters like *Krupp*, which involved concerns based on the" potential of misunderstanding" the Vaccine Program as anti-vaccine, which concerns were deemed "inherently speculative." *Krupp v. Sec'y of Health & Human Servs.*, No. 19-501V, 2023 WL 9503417, at *4 (Fed. Cl. Spec. Mstr. July 21, 2023), cited in Response at 5.

I also find that Petitioner's concerns merit weight even though the Ruling on Entitlement does not identify the particular shoulder at issue, or address Petitioner's current condition roughly three years after the vaccine in question. Respondent for his part has not identified any public interest that would be abrogated if redaction is permitted. And the proposed relief, of simply reducing Petitioner's full name to his initials, is appropriately tailored.

### Conclusion

For the reasons set forth above, **Petitioner's Motion (ECF No. 32) is <u>GRANTED.</u> The Clerk of this Court is hereby instructed to amend the case caption to what is reflected above,**

**A redacted version of the Ruling on Entitlement shall be entered onto the docket for public accessibility.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master
