# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-0730V

|  |  |
|---|---|
| T.R.,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: June 20, 2025 |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA,* for Petitioner.

*Lara Ann Englund, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On May 17, 2023, T.R. filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[1] (the "Vaccine Act"). Petitioner alleges that as a result of an influenza vaccine received on October 21, 2021, he suffered a Table shoulder injury related to vaccine administration ("SIRVA"). Petition at 1. On October 29, 2024, I issued a decision awarding damages following briefing by the parties. ECF No. 39.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $20,071.04 (representing $19,590.60 for attorney's fees and $480.44 attorney costs). Petitioner Application for Attorneys' Fees, filed May 14, 2025, ECF No. 45. In accordance

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. ECF No. 46. Respondent has not filed a response.

Having considered the motion along with the invoices and other proof filed in connection, I find a reduction in the amount of fees to be awarded appropriate, for the reason set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed through 2025 are reasonable and consistent with our prior determinations, and will therefore be adopted.

However, a small amount must be reduced for attorney time billed for the review of status reports and other cursory documents prepared by another attorney. ECF No. 45 at 10-13.[2] I note that it is common practice for Conway, Homer, P.C. to have several attorneys assist over the course of a case. In some instances, such as when preparing substantive documents like the petition, briefs, and settlement demands, it is reasonable to have another set of eyes review that document. *See,* e.g., ECF No. 45 at 11 (entry dated 7/30/24). However, it is not reasonable to have an attorney bill for time to review routine filings, such as status reports and motions for enlargement of time, when those filings were prepared (and billed for) by another attorney. This is not the first time I or other special masters have noted this particular issue concerning Conway, Homer, P.C. billing practices. *See, e.g., Manetta v. Sec'y of Health & Hum. Servs.*, No. 18-172V, 2020 WL 7392813, at *2 (Fed. Cl. Spec. Mstr. Nov 19, 2020); *Lyons v. Sec'y of Health & Hum. Servs.*, No. 18-414V, 2020 WL 6578229 (Fed. Cl. Spec. Mstr. Oct. 2, 2020). I will not award attorney's fees for this redundant work. This results in a **reduction of $238.00.**

## ATTORNEY COSTS

Petitioner has provided supporting documentation for all claimed costs for all but expenses of $10.00 for copying and $24.85 for postage. ECF No. 45 at 15-24. I will nevertheless allow reimbursement of these unsubstantiated costs.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$19,833.04 (representing $19,352.60 for attorney's fees and $480.44 attorney costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[2] These entries are dated as follows: 6/17/24, 7/19/24, 8/28/24, and 11/27/24.

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.